**Ryan M. ADAMS, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 17, 2012.

Decided Oct. 22, 2012.

Dennis N. Persin, Greensburg, for petitioner.

Arthur F. McNulty, Chief Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, President Judge, and LEAVITT, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Ryan M. Adams (Claimant) petitions for review of the January 25, 2012, order of the Unemployment Compensation Board of Review (UCBR), which affirmed the decision of a referee to deny Claimant unemployment compensation benefits pursuant to section 402(e) of the Unemployment Compensation Law (Law).[1] We reverse.

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e). Under section 402(e) of the Law, a claimant shall be ineligible for benefits for any week in which his or her unemployment is due to discharge from work for willful misconduct.

The UCBR found as follows.[2] Claimant was employed by Adelphoi Education (Employer) from September 28, 2005, through August 19, 2011. (Findings of Fact, No. 1.) Employer has a code of conduct requiring that employees "must notify employer of any arrest or convictions while employed." (Findings of Fact, No. 3.) Claimant was aware or should have been aware of Employer's policy. (Findings of Fact, No. 4.)

On or about August 15, 2011, Claimant was "arrested" by the Penn Township Police Department as a result of a complaint filed on July 15, 2011. (Findings of Fact, No. 5.) Claimant was not forcibly handcuffed or physically taken into custody. (Findings of Fact, No. 6.) Claimant was required to appear before a magistrate, was fingerprinted, and agreed to the terms of an Accelerated Rehabilitation Disposition (ARD) program available to first-time offenders. (Findings of Fact, No. 7.)

Claimant did not inform Employer of his arrest. (Findings of Fact, No. 8.) Employer became aware of the arrest through a third party on August 18, 2011. (Findings of Fact, No. 9.) On August 22, 2011, Employer confronted Claimant with the criminal docket from his arrest. (Findings of Fact, No. 10.) Employer immediately suspended Claimant on August 22, 2011, pending resolution of the legal issues. (Findings of Fact, No. 11.) Claimant asserted that he was not "arrested" and, therefore, did not violate Employer's policy. (Findings of Fact, No. 12.)

■ The UCBR determined that Employer may use its own interpretation of its policies when rendering discipline. (UCBR's Decision, 1/25/12, at 1.) The UCBR credited Employer's testimony that appearing before a magistrate, being fingerprinted, receiving criminal charges, and participating in the legal system to resolve those charges are synonymous with an "arrest." (*Id.*) The UCBR noted that Claimant admitted to each of these events. (*Id.*) The UCBR concluded that Employer met its burden of proving a violation of its work rule. (*Id.*) By decision dated January 25, 2012, the UCBR affirmed the referee's decision denying benefits for willful misconduct pursuant to section 402(e) of the Law. (*Id.*) Claimant now petitions this court for review.[3]

Claimant argues that the UCBR committed an error of law in determining that Claimant was guilty of willful misconduct for failing to report an arrest to Employer in violation of Employer's work rule. We agree.

■ Willful misconduct has been defined as: (1) a wanton and willful disregard of the employer's interests; (2) a deliberate violation of the employer's rules; (3) a disregard of the standards of behavior that an employer rightfully can expect from its employees; or (4) negligence that manifests culpability, wrongful intent, or evil design, or an intentional and substantial disregard of the employer's interests or the employee's duties and obligations. *Oliver v. Unemployment Compensation Board of Review*, 5 A.3d 432, 438 (Pa. Cmwlth.2010) (*en banc*). The employer has the burden of proving that it dis-

2. The UCBR adopted and incorporated the referee's findings of fact and conclusions of law in their entirety. Thus, any reference to the findings of fact in this opinion can be found in the referee's November 8, 2011, decision.

3. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

charged an employee for willful misconduct. *Id.*

When an employee is discharged for violating a work rule, the employer must prove the existence of the work rule, the reasonableness of the rule, the claimant's awareness of the rule, and the fact of its violation. *Chapman v. Unemployment Compensation Board of Review*, 20 A.3d 603, 607–608 (Pa.Cmwlth.2011). The burden then shifts to the employee to prove that he or she had good cause for violating the rule. *Id.* at 607. An employee establishes good cause by showing that his or her conduct was justified or reasonable under the circumstances. *Id.*

Here, the UCBR found that Employer had a reasonable rule requiring employees to report any arrests or convictions to Employer. In support thereof, Employer offered Chapter X of its Code of Conduct (Code), which contains a list of "actions or inactions" that "may result in corrective action including ... discharge." (Employer's Ex. No. 1; N.T., 10/28/11, at 6.) Section 1.S of the Code specifically provides that the "[e]mployee must notify employer of any arrests or convictions while employed." (*Id.*)

Claimant does not dispute his awareness of Employer's policy, which is further evidenced by his signature acknowledging that he reviewed and understood Employer's policy. (Employer's Ex. No. 2; N.T., 10/28/11, at 6.) Rather, Claimant argues that he was not "arrested" as that term is commonly understood and, therefore, was under no obligation to notify Employer of the criminal charges against him. In support thereof, Claimant relies upon *Commonwealth v. Duncan*, 514 Pa. 395, 400, 525 A.2d 1177, 1179 (1987) (plurality), *overruled in part on other grounds, Commonwealth v. Perez*, 577 Pa. 360, 845 A.2d 779 (2004), for its definition of "arrest." Therein, our Supreme Court opined:

> We have defined an arrest as any act that indicates an intention to take the person into custody and subjects him to the actual control and will of the person making the arrest. An arrest may thus be effectuated without the actual use of force and without a formal statement of arrest. The test is an objective one, i.e., viewed in the light of the reasonable impression conveyed to the person subjected to the seizure rather than the strictly subjective view of the officers or the persons being seized.

*Id.* (internal citations and quotations omitted). Although *Duncan* involved the issue of whether an arrest had occurred in the context of a criminal matter and whether certain evidence should be suppressed, in the absence of a definition of "arrest" in Employer's Code, we find this definition instructive. Additionally, the term "arrest" is generally defined as the deprivation of a person's "liberty by legal authority"; "[t]aking, under real or assumed authority, custody of another for the purpose of holding or detaining him to answer a criminal charge or civil demand." Black's Law Dictionary 109–10 (6th ed.1990).

Applying these definitions here, which are in accord with common and approved usage, we conclude that Claimant was not arrested. Claimant testified that he was instructed to report to the magistrate's office on August 9, 2011, to respond to criminal charges filed against him. (N.T., 10/28/11, at 14.) Claimant testified that, if he did not appear before the magistrate, he "could" be arrested. (*Id.*) Claimant appeared before the magistrate and elected to enter the ARD program. (*Id.*) The magistrate advised Claimant that, in order to enter ARD, he needed to be fingerprinted and return to court to sign up for the ARD program and that the failure to be fingerprinted or return to court would re-

sult in his arrest. (*Id.*) Claimant was fingerprinted, applied for admission into the ARD program, and was accepted into the program.

Had Claimant failed to appear before the magistrate or follow the magistrate's directives, Claimant *could* have been arrested. By following the magistrate's directives, Claimant avoided "arrest." Claimant testified that he was "not arrested, . . . not questioned, . . . never subpoenaed, . . . never put in handcuffs, . . . never read [his] rights," never "taken into custody by anyone," and never "deprived of [his] freedom by a police officer or anyone else." (*Id.*) Simply stated, Claimant was never held in custody or detained by law enforcement. The possibility or threat of arrest is not the equivalent of an arrest, nor is the act of appearing before a magistrate and being fingerprinted. Even Employer's own witness acknowledged that the criminal docket sheet,[4] upon which Employer relied in terminating Claimant's employment, did not indicate that Claimant was arrested but merely stated that Claimant was "charged." (*Id.* at 9.) Employer's Code specifically requires Claimant to notify Employer of "any arrests or convictions," not charges. We cannot interpret Employer's Code to include a requirement that is not there.

Claimant was discharged because he violated Employer's work rule of not reporting an arrest, not because of the criminal charges that were filed against him and his subsequent acceptance into the ARD program.[5] Because Claimant was neither arrested nor convicted, Claimant was under no duty to report the charges under Employer's Code. Therefore, Employer failed to prove that Claimant's conduct constituted a deliberate violation of Employer's

work rule rendering him ineligible for unemployment compensation benefits.

Accordingly, we reverse.

## ORDER

AND NOW, this 22nd day of October, 2012, the January 25, 2012, order of the Unemployment Compensation Board of Review is reversed.

---

4. The criminal docket sheet was not made part of the certified record.

5. Claimant's satisfactory completion of ARD will result in the dismissal of the charges against him. Pa. R.Crim. P. 319.