IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patricia J. Orner,                          :
                      Petitioner            :
                                            :
          v.                                :  No. 1005 C.D. 2016
                                            :  SUBMITTED:  December 16, 2016
Unemployment Compensation                   :
Board of Review,                            :
                      Respondent            :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE HEARTHWAY               FILED:  February 17, 2017


          Patricia J. Orner (Claimant) petitions for review of the June 2, 2016,
order of the Unemployment Compensation Board of Review (Board), affirming the
decision of a referee to deny Claimant's application for unemployment
compensation (UC) benefits under section 402(e) of the Unemployment
Compensation Law (Law).[1]  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
802(e).  Section 402(e) of the Law provides that an employee shall be ineligible for UC benefits
for any week "[i]n which [her] unemployment is due to [her] discharge . . . from work for willful
misconduct connected with [her] work."  43 P.S. § 802(e).

Claimant worked as a full-time unit clerk for US Renal Care (Employer) from May 20, 2002 through January 25, 2016. (Findings of Fact (F.F.), No. 1.) Employer's employee handbook (handbook) provides that an employee's refusal of an assignment or change of an assignment is grounds for disciplinary action up to and including termination, unless the assignment is an immediate threat to the employee's health or safety. (F.F., No. 2.) Employer's handbook also provides that insubordination, including failure or refusal to obey a direct order or instruction of any manager or member of management, may result in disciplinary action, including warnings, suspension, demotion, or termination. (F.F., No. 3.) Claimant was aware of Employer's policies. (F.F., No. 4.) Historically, Employer has treated insubordination as grounds for termination. (F.F., No. 5.) Claimant's job description includes "completes forms and reports that are required by company and governmental agencies." (F.F., No. 6.)

On January 10, 2016, Claimant's supervisor (Supervisor) approached Claimant about her refusal to complete an Emergency Procedure Patient Instruction (Emergency) form.[2] Claimant stated that she would not complete the form because it was clinical in nature. (F.F., No. 7.) Supervisor spoke with her supervisor (Farrow), and they met with Claimant on January 11, 2016, to discuss the new assignment Supervisor had given Claimant. (F.F., No. 9.) At the meeting, Claimant stated that Employer's clinical specialist told her that she was not permitted to do clinical work. (F.F., No. 10.)

---

[2] The Emergency form lists seven questions the employee is to ask a patient, which require a yes or no response that employee would check on the form. (F.F., No. 8.)

Thereafter, Claimant sent Employer an email with a copy of the Emergency Preparedness Training Policy attached, wherein she had marked her areas of concern. (F.F., No. 11.) Supervisor, after seeking clarification, told Claimant she was able to perform the quarterly Emergency Preparedness training with patients and attempted to go over the Emergency form with Claimant. (F.F., No. 12.) Claimant would not permit Supervisor to train her. (F.F., No. 13.) Supervisor asked Claimant if she was refusing the training and Claimant responded affirmatively. (F.F., No. 14.)

On January 14, 2016, Supervisor notified the human resources (HR) director about Claimant's refusal to be trained on an assignment. (F.F., No. 15.) On January 19, 2016, the HR director met with Farrow, Supervisor, and Claimant to discuss the assignment, during which Claimant stated that she did not feel comfortable being asked to perform the assignment and it was explained to Claimant that the assignment was not clinical and was within the duties of her position. (F.F., No. 16.) The HR director explained to Claimant that she: (1) was not being asked to train patients; (2) was not being asked to do anything clinical in nature; and (3) would receive training on the completion of the Emergency form. (F.F., No. 17.) Claimant stated that she did not feel safe or comfortable with being asked to complete the Emergency form. (F.F., No. 18.) It was then explained to Claimant that her continued refusal to be trained on the assignment would be insubordination and grounds for termination. (F.F., No. 19.) Claimant stated that she understood and continued to refuse training. (F.F., No. 20.)

3

On January 19, 2016, Employer suspended Claimant pending an investigation. (F.F., No. 21.) On January 25, 2016, Employer terminated Claimant for insubordination. (F.F., No. 24.)

On January 24, 2016, Claimant applied for UC benefits with the local service center, which were granted.[3] Employer appealed this determination to the referee who held a hearing on March 25, 2016. The referee reversed the local service center, denying Claimant benefits under section 402(e) of the Law. Claimant appealed to the Board, which affirmed. Claimant now petitions this Court for review.[4]

Claimant argues that the Board erred in finding that Claimant engaged in willful misconduct by violating a work rule without good cause. We disagree.

"Willful misconduct has been defined as: (1) a wanton and willful disregard of the employer's interests; (2) a deliberate violation of the employer's rules; (3) a disregard of the standards of behavior that an employer rightfully can expect from its employees; or (4) negligence that manifests culpability, wrongful intent, evil design, or an intentional and substantial disregard of the employer's interests or the employee's duties and obligations." *Adams v. Unemployment*

---

[3] Claimant applied for UC benefits on January 24, 2016, based upon her suspension of January 19, 2016. She was terminated the following day, January 25, 2016.

[4] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

*Compensation Board of Review*, 56 A.3d 76, 78 (Pa. Cmwlth. 2012). "Where a claim of willful misconduct is based upon violation of company rules or policies, the employer has the burden to prove: 1) the existence of a reasonable rule or policy, 2) that the employee knew of the rule or policy, and 3) that the employee willfully violated the rule or policy." *Vought v. Unemployment Compensation Board of Review*, 504 A.2d 425, 426 (Pa. Cmwlth. 1986). If an employer proves a work-rule violation, "the burden of proof shifts to the employee to prove that she had good cause for her actions." *Chapman v. Unemployment Compensation Board of Review*, 20 A.3d 603, 607 (Pa. Cmwlth. 2011). "The employee establishes good cause where her actions are justified or reasonable under the circumstances." *Id.*

Claimant does not dispute the existence of the work rules or her awareness of them. Claimant only contends that Employer's request was not reasonable and that she did not willfully violate Employer's rule or policy. Specifically, Claimant alleges that her conduct was not willful because she believed Employer's directive was illegal and that the Board's findings of fact numbers 5, 7- 8, 12-14, 17, 19, and 20 are not supported by substantial evidence.

In reviewing the record to determine whether it contains substantial evidence to support the Board's findings, we must view the record in the light most favorable to the prevailing party and give that party the benefit of all logical and reasonable inferences deducible therefrom. *Stringent v. Unemployment Compensation Board of Review*, 703 A.2d 1084, 1087 (Pa. Cmwlth. 1997). "The fact that [Claimant] may have produced witnesses who gave a different version of events, or that [Claimant] might view the testimony differently than the Board, is

5

not grounds for reversal if substantial evidence supports the Board's findings." *Tapco, Inc. v. Unemployment Compensation Board of Review*, 650 A.2d 1106, 1108-09 (Pa. Cmwlth. 1994).

Here, Employer presented testimony and evidence that supports the Board's findings and its determination that Employer's directive was reasonable.[5]

---

[5] Employer presented the following testimony, which supports the Board's findings of fact numbers 7, 17, 19-20:

[F.F. No. 7]

EW2  I had approached her about filling [the Emergency form] out and wanted to talk to her about it, and she said no, it was clinical. She wasn't doing it . . . that was on the 10th.

\*\*\*

[F.F. No. 17]

EW1  . . . I clarified that it was not clinical . . . .

. . . she refused to allow us to educate her. . . .

I made it very clear that she would not be doing any direct care. She would not be touching the machine. We had a questionnaire that we were going to have her. . . .

. . . I assured her it was not clinical in nature. . . .

EW2  . . . the emergency procedure patient instruction form. . . . This is actually what we were asking [Claimant] to fill out. . . .

\*\*\*

[F.F. No. 19]

EW1  I did explain that by refusing to . . . be educated . . . that that's considered insubordination and that is a terminable offense.

[F.F. No. 20]

EW1  . . . I asked are you refusing to be trained? So you didn't allow us to educate [sic] you on what's being asked, and she stated that she was refusing.

(N.T. at 11-12, 38-39.)

6

Employer's credited testimony reveals that Claimant: (1) was asked to train on the Emergency form, (2) was advised on numerous occasions that she was not being asked to perform clinical duties, and (3) continued to refuse to train. Although Claimant presented contrary testimony and evidence, the Board chose to believe Employer's version of the facts. In UC cases, "the [Board] is the ultimate fact finder and is empowered to make credibility determinations." *Bell v. Unemployment Compensation Board of Review*, 921 A.2d 23, 26 n.4 (Pa. Cmwlth. 2007). "Questions of credibility and the resolution of evidentiary conflicts are within the [Board's] discretion" and may not be re-evaluated by this Court. *Id.*

The testimony of record supports the Board's findings. Thus, the Board did not err in determining that Employer's directive was reasonable and Claimant's actions amounted to willful misconduct.

Once willful misconduct is shown, the burden shifts to the Claimant to show good cause for her actions. *Chapman*, 20 A.3d at 607. Claimant contends that she had good cause for refusing Employer's directive because she believed Employer was asking her to perform clinical duties without possessing the professional qualifications and certifications to do so. However, the Board found that it was explained to the Claimant on various occasions that she was not being asked to do anything clinical in nature. Claimant's mere statements that she believed the work involved clinical duties are insufficient.[6] Thus, the Board determined that Claimant failed to show good cause for refusing Employer's

---

[6] Good cause cannot be established by unsubstantiated beliefs. *See Ayres v. Unemployment Compensation Board of Review*, 598 A.2d 1083, 1086-87 (Pa. Cmwlth. 1991).

reasonable directive.  Again, we will not reevaluate the Board's credibility determinations or resolutions of evidentiary conflicts.  *See Bell*, 921 A.2d at 26 n.4. The Board did not err in determining that Claimant failed to show good cause.

Accordingly, we affirm.

_____
JULIA K. HEARTHWAY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patricia J. Orner,              :
           Petitioner     :
                         :
         v.             :  No. 1005 C.D. 2016
                         :
Unemployment Compensation  :
Board of Review,          :
           Respondent   :

O R D E R

AND NOW, this 17th day of February, 2017, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

_____
JULIA K. HEARTHWAY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patricia J. Orner,                                    :
                        Petitioner                    :
                                                      :
            v.                                        :
                                                      :
Unemployment Compensation                             :
Board of Review,                                      :    No. 1005 C.D. 2016
                        Respondent                    :    Submitted: December 16, 2016


BEFORE:   HONORABLE ROBERT E. SIMPSON, Judge
          HONORABLE JULIA K. HEARTHWAY, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE COSGROVE                         FILED: February 17, 2017


            I respectfully dissent. The question not adequately addressed below is
the reasonableness of Claimant Patricia Orner's refusal. Claimant may have been
mistaken as to what was required of her and whether she was able to perform as
expected. That alone does not render her refusal "unreasonable." Given
Claimant's belief that what she was being asked to do was not lawful and given her
further belief that she was not qualified to undertake such a task, Claimant's
refusal is, on its face, completely "reasonable." The "assurances" by Employer's
staff that Claimant was, indeed, permitted to do what was assigned offered little
comfort, and certainly does not negate the "reasonableness" of her position.


                                    _____
                                    JOSEPH M. COSGROVE, Judge