# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Eugenia McFadden, | : | |
| Petitioner | : | |
| | : | No. 455 C.D. 2024 |
| v. | : | |
| | : | Submitted: February 4, 2025 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                    HONORABLE LORI A. DUMAS, Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                                      **FILED:  March 7, 2025**

Eugenia McFadden (Claimant), *pro se,* petitioned this Court to review the adjudication of the Unemployment Compensation Board of Review (Board), which affirmed a Referee's decision that Claimant was ineligible for unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law (Law) relating to willful misconduct.[1]  Claimant seeks reversal of the Board's decision.  Upon review, we affirm.

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) (providing that an employee shall be ineligible for compensation when her separation from employment is due to willful misconduct connected with her work).

## I. BACKGROUND[2]

Claimant worked as a part-time receptionist for a hair salon, Salone Bella, LLC (Employer), from October 5, 2021, through July 7, 2023. Following inappropriate physical and verbal encounters with coworkers, on May 23, 2022, Employer issued Claimant a written warning that if such behavior continued, Claimant would be disciplined up to and including termination.

Nevertheless, the behavior continued. For example, in December 2022, Claimant told another receptionist that her baby "will have down syndrome like her" when discussing the timeline of having a baby. Notes of Testimony (N.T.) Hr'g, 11/20/23, at 8. Finally, on July 7, 2023, Claimant intentionally grabbed a coworker's broken finger without permission. On July 18, 2023, after Claimant returned from vacation, Employer terminated Claimant's employment.

Claimant filed for unemployment compensation benefits, which were denied by the UC Service Center pursuant to Section 402(e). Claimant timely appealed the denial, and a Referee held a hearing on November 20, 2023. Claimant appeared *pro se*. Nina Childers, the founder and chief executive officer of Employer (CEO) and Alyssa Fiorentino, a stylist and the coworker who alleged that Claimant had touched her broken finger (Coworker), testified for Employer.

Following the hearing, the Referee also denied Claimant benefits. Claimant appealed to the Board, which affirmed, adopting the Referee's findings and crediting the testimony offered by Employer.[3] Claimant then petitioned this Court for further review.

---

[2] Except as stated otherwise, we adopt this background from the Referee's decision, which was adopted by the Board, and which is supported by substantial evidence of record. *See* Bd. Order, 3/18/24; Referee's Decision, 11/21/23.

[3] The Board also denied Claimant's request for reconsideration. *See* Bd. Order, 4/17/24.

## II. ISSUE

Essentially, Claimant challenges the findings and credibility determinations of the Board. *See generally* Pet'r's Br. In response, the Board avers that its findings are supported by credible evidence and binding on this Court. Resp't's Br. at 5.

## III. DISCUSSION[4]

In support of her appeal, Claimant makes several factual assertions. For example, Claimant denies physically touching Coworker. Pet'r's Br. at 5 (unpaginated). According to Claimant, during her encounter with Coworker, Coworker was holding and texting on her cellphone; therefore, in Claimant's view, she "would not have had any opportunity to bend her finger." *Id.* She also suggests that video cameras around the salon would have recorded any such encounter, but Employer denies any relevant video evidence exists. *See id.* at 6.

Claimant concedes that touching another person inappropriately in the workplace would be grounds for dismissal in any place of employment. *See* Pet'r's Br. 5-6. However, she denies that Employer had any written policy regarding willful misconduct in place and nonetheless asserts that other policies for dress code and smoking were routinely ignored. *See id.*

Claimant also challenges the admission of the written warning into evidence during the Referee Hearing.[5] *See id.* at 7. According to Claimant, Employer did not provide her with this evidence prior to the hearing. *See id.*

---

[4] On appeal, our review is limited to "determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Pierce-Boyce v. Unemployment Comp. Bd. of Rev.*, 289 A.3d 130, 135 n.4 (Pa. Cmwlth. 2022).

[5] At the hearing, Claimant testified that she had signed a blank piece of paper, rather than the written warning produced by Employer. N.T. Hr'g at 19-20. Nevertheless, Claimant conceded that her signature appeared on the warning. *Id.*

3

Moreover, Employer never submitted the original evidence but rather offered only a digital picture of the warning.[6] *See id.*

"Willful misconduct" has been defined by the courts as (1) "an act of wanton or willful disregard of the employer's interest," (2) "a deliberate violation of the employer's rules," (3) "a disregard for standards of behavior which the employer has a right to expect of an employee," or (4) "negligence indicating an intentional disregard of the employer's interest or of the employee's duties and obligations to the employer." *Waverly Heights, Ltd. v. Unemployment Comp. Bd. of Rev.,* 173 A.3d 1224, 1228 (Pa. Cmwlth. 2017) (citation omitted). Additionally, this Court has long held that "[w]hether conduct rises to the level of willful misconduct is a question of law to be determined by this Court." *Brown v. Unemployment Comp. Bd. of Rev.*, 49 A.3d 933, 937 (Pa. Cmwlth. 2012).

The initial burden rests with the employer to prove an employee's willful misconduct. *Adams v. Unemployment Comp. Bd. of Rev.*, 56 A.3d 76, 78-79 (Pa. Cmwlth. 2012). To do so, an employer must prove the existence of a work policy, its reasonableness, and the fact of its violation. *Halloran v. Unemployment Comp. Bd. of Rev.,* 188 A.3d 592, 597 (Pa. Cmwlth. 2018). Upon doing so, the burden of proof shifts to the employee to prove that she had good cause for her actions. *Id.* The employee can establish good cause where her actions are "justified

---

[6] Claimant offers no legal argument in support of her assertions. *See generally* Pet'r's Br. A party's failure to properly develop an argument may result in waiver. *City of Phila. v. Workers' Comp. Appeal Bd.* (*Calderazzo*), 968 A.2d 841, 846 n.4 (Pa. Cmwlth. 2009). Nevertheless, this Court generally construes *pro se* filings liberally. *C.M. v. Pa. State Police*, 269 A.3d 1280, 1285 (Pa. Cmwlth. 2022). To assess whether we can reach the merits of a claim raised by a *pro se* litigant, we must consider whether the defects are so substantial that they preclude "meaningful appellate review." *Tewell v. Unemployment Comp. Bd. of Rev.*, 279 A.3d 644, 652 n.9 (Pa. Cmwlth. 2022). We decline to find waiver in this case.

or reasonable under the circumstances." *Chapman v. Unemployment Comp. Bd. of Rev.*, 20 A.3d 603, 607 (Pa. Cmwlth. 2011).[7]

This Court is bound to view the record "in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony." *Cambria Cnty. Transit Auth. v. Unemployment Comp. Bd. of Rev.*, 201 A.3d 941, 947 (Pa. Cmwlth. 2019) (*CCTA*). Moreover, it is well established that the Board's credibility determinations, if based on substantial evidence, are not subject to judicial review, even if there is contrary evidence of record. *See id.*; *Henderson v. Unemployment Comp. Bd. of Rev.*, 77 A.3d 699, 718 (Pa. Cmwlth. 2013). Substantial evidence is relevant evidence that a reasonable person may accept as adequate to support a finding. *Pierce-Boyce v. Unemployment Comp. Bd. of Rev.*, 289 A.3d 130, 136 (Pa. Cmwlth. 2022). The Board is the ultimate factfinder, entitled to make its own determinations on evidentiary weight and witness credibility, and is free to accept or reject the testimony of any witness, in whole or in part. *CCTA,* 201 A.3d at 947.

Here, Claimant does not challenge the existence of a workplace conduct policy or its reasonableness but instead concedes that inappropriately touching a coworker would be grounds for termination at any place of employment. *See* Pet'r's Br. at 5-6; N.T. at 17-18 (conceding workplace policy against inappropriate touching). Nevertheless, Claimant had a history of inappropriate conduct in the workplace. For example, CEO described multiple incidents that required some form of intervention by management, including a written warning that future misconduct could result in termination. N.T. at 7-8 (testifying that Claimant: (1) implied to another coworker that she wanted to fight her outside; (2) made hurtful comments

---

[7] Here, Claimant does not assert good cause for her conduct. Claimant instead denies any misconduct occurred. Accordingly, we need not address this element.

about another coworker's religion; and (3) told a client that one of the salon's stylists did not like her); N.T. Hr'g. Ex. Emp-002 (notifying Claimant that her inappropriate interactions caused disruptions impacting the success of the salon and its employees and that her continued disruptive behavior would be subject to termination).

Additionally, Coworker described the specific incident that led to Claimant's termination. According to Coworker, Claimant grabbed both of her hands without permission while Coworker's broken finger was in a splint. N.T. at 13; *see also id*. at 13-14 (further testifying that Claimant had previously touched her without permission by grabbing her ponytail and snapping her bra straps, and on a prior occasion implied wanting to fight Coworker in the salon's parking lot). While Claimant has denied that this incident occurred, the Board did not credit her denial, and we defer to the Board's credibility determinations on appeal. *See CCTA,* 201 A.3d at 947.

## IV. CONCLUSION

There is substantial evidence to support the Board's conclusions that Employer had a reasonable workplace conduct policy and that Claimant repeatedly violated that policy despite multiple interventions and warnings by Employer. *See Adams*, 56 A.3d at 78-79; *CCTA,* 201 A.3d at 947. Accordingly, Claimant is ineligible for unemployment compensation benefits under Section 402(e) of the Law. *See Halloran,* 188 A.3d at 597; 43 P.S. § 802(e). For these reasons, we affirm the Board's decision.

_____
**LORI A. DUMAS, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eugenia McFadden, :
                Petitioner :
                    : No. 455 C.D. 2024
            v. :
                    :
Unemployment Compensation :
Board of Review, :
                Respondent :

## **O R D E R**

AND NOW, this 7th day of March, 2025, the order of the Unemployment Compensation Board of Review, entered March 18, 2024, is AFFIRMED.

_____
**LORI A. DUMAS, Judge**