# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kristina Miller, : 
        Petitioner : 
  : No. 349 C.D. 2024
     v. : 
  : Submitted: June 3, 2025
Unemployment Compensation : 
Board of Review, : 
        Respondent : 

BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE STACY WALLACE, Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                             **FILED:  July 21, 2025**

Kristina Miller (Claimant), *pro se*, petitioned this Court to review the adjudication of the Unemployment Compensation Board of Review (Board), which found Claimant ineligible for unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law (UC Law) relating to willful misconduct.[1]  Claimant seeks reversal of the Board's decision.  Upon review, we affirm.

---

[1] Section 402(e) of the UC Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) (providing that an employee shall be ineligible for compensation when her separation from employment is due to willful misconduct connected with her work).

# I. BACKGROUND[2]

Beginning in March 2020, Claimant worked full time as a corrections officer at the State Correctional Institution at Forest (SCI-Forest) for the Commonwealth of Pennsylvania Department of Corrections (Employer). Following an anonymous tip, Employer commenced an investigation into whether Claimant was engaged in inappropriate relationships with multiple inmates. During the course of this investigation, Claimant provided a written statement in which she admitted to a personal relationship with a parolee and sexual relationships with three inmates.[3] In April 2023, Employer suspended Claimant pending the outcome of its investigation. Thereafter, in July 2023, Employer terminated Claimant's employment for violations of Employer's code of ethics.[4]

---

[2] Except as stated otherwise, we adopt this background from the Board's decision, which is supported by substantial evidence of record. *See* Bd.'s Dec. & Order, 1/30/24.

[3] Claimant admitted to a relationship with parolee Dayon McCracken. *See* Hr'g Tr., 10/11/23, Ex. 024-025. Although Claimant denied a sexual relationship with this parolee, Claimant acknowledged a personal relationship and admitted that she provided him with the birthdates and social security numbers of several inmates. *Id.*

Claimant admitted to a relationship with inmate Dewayne Gray. Claimant acknowledged they would have physical contact in a closet on several occasions. *Id.* at 025. Gray repeatedly asked Claimant for information about inmates who had killed Claimant's brother-in-law, suggesting that he would have them "taken care of," but she did not share their information. *Id.* Claimant also alleged that Gray offered her $3,000 to bring drugs into the facility, but Claimant refused. *Id.*

Claimant further admitted to having sexual relationships with two additional inmates, Tyrell Smith and Kevin Loftin. *Id.* at 026-027.

[4] Employer charged Claimant with violating the following code of ethics and Pennsylvania Department of Corrections (DOC) policies:

> B 6: There shall be no fraternization or private relationship or private relationship of staff with inmates, parolees . . . .

> B 10: Employees are expected to . . . conduct themselves properly and professionally at all times; unacceptable conduct or insolence will not be tolerated.

> B 22: An employee shall submit any necessary and/or requested work related reports in a timely manner and in accordance with existing regulations. . . .

In April 2023, prior to the outcome of Employer's investigation, Claimant filed for unemployment compensation benefits, which the UC Service Center approved.[5] *See* UC Qualification Separation Determination, 5/4/23. Employer timely appealed the determination.

At an evidentiary hearing before the Referee, Employer introduced a disciplinary report, which detailed Claimant's conduct, as well as Employer's findings and conclusions, and a handwritten statement by Claimant admitting to conduct that violates its policies. *See* Hr'g Tr., 10/11/23, Ex. 001-027. Additionally, Employer offered the testimony of Terina Chiesa, a human resource officer. Chiesa testified to Claimant's prohibited conduct, Claimant's failure to report this conduct as required, and that Claimant was aware of the policies that prohibited this conduct.

---

B 23: During off duty hours, employees will conduct themselves in such a manner as to demonstrate the public's trust and confidence inherent in their position as a public servant.

B 29: All employees shall comply and cooperate with internal investigations conducted under the authority of the DOC, and respond to questions completely and truthfully. . . .

PA DOC Policy 1.1.14: Offender Contact and Relationship Reporting Requirements

Section 1A.1.c – Fraternization behavior includes, but is not limited to, engaging in sexual/personal/private relationships, . . . supplying/sharing personal information, . . . or any other activity that may jeopardize the safety and/or security of employees, inmates, or the community.

Section 2A.9 – Establishing or continuing a personal relationship.

Section 2A.19 – Engaging in any activity which might compromise the ability of the employee to perform job duties in an efficient, unbiased and professional manner.

*See* Hr'g Tr., 10/11/23, Ex. 14-16.

[5] The Determination acknowledged that Claimant was suspended due to rule violations; it noted, however, that Employer did not provide information establishing this fact. *See* UC Qualification Separation Determination, 5/4/23.

*See id.* at 5-6. Claimant did not request a continuance yet failed to appear at the hearing. Claimant did not request a new hearing.

In October 2023, the Referee denied Employer's appeal, reasoning that Employer had failed to establish Claimant's willful misconduct because Chiesa's testimony consisted solely of hearsay and Employer had failed to offer any corroborative evidence. *See* Referee's Dec., 10/16/23. Notably, the Referee did not consider Employer's investigative report or Claimant's statement. *See id.* Again, Employer timely appealed.

In January 2024, the Board reversed the Referee. The Board noted that deliberate refusal to comply with an employer's rule or policy ordinarily constitutes willful misconduct. The Board further explained that when an employer establishes the existence of the policy, claimant's knowledge of the policy, and the claimant's violation of the policy, the burden shifts to the claimant to prove good cause for the violation or that the policy was unreasonable. The Board concluded that Employer's witness testimony and evidence were sufficient for Employer to meet its burden, and that Claimant did not establish good cause for violating Employer's policy. Accordingly, the Board found Claimant ineligible for benefits under Section 402(e) of the Law. Claimant did not request that the Board reconsider its decision but timely petitioned this Court for review.

## II. ISSUE

In relevant part, Claimant asserts that she did not commit willful misconduct because her violations of Employer's policies were "on accident [sic] due to lack of training or poor business communication." Pet'r's Br. at 9.[6] The

---

[6] Claimant offers no legal authority in support of this assertion. *See generally* Pet'r's Br. We caution Claimant that failure to properly develop an argument may result in waiver. *City of Phila.*

4

Board responds that Claimant knowingly violated Employer's policies on multiple occasions, failed to report these violations to Employer, and, because she failed to appear at the evidentiary hearing, Claimant was unable to establish good cause for her violations. *See* Resp't's Br. at 5.

### III. DISCUSSION[7]

The term "willful misconduct" is not defined by statute, but this Court has defined it as (1) "an act of wanton or willful disregard of the employer's interest," (2) "a deliberate violation of the employer's rules," (3) "a disregard for standards of behavior which the employer has a right to expect of an employee," or (4) "negligence indicating an intentional disregard of the employer's interest or of

---

*v. Workers' Comp. Appeal Bd.* (*Calderazzo*), 968 A.2d 841, 846 n.4 (Pa. Cmwlth. 2009). Nevertheless, this Court generally construes *pro se* filings liberally. *C.M. v. Pa. State Police*, 269 A.3d 1280, 1285 (Pa. Cmwlth. 2022). To assess whether we can reach the merits of a claim raised by a *pro se* litigant, we must consider whether the defects are so substantial that they preclude "meaningful appellate review." *Tewell v. Unemployment Comp. Bd. of Rev.*, 279 A.3d 644, 652 n.9 (Pa. Cmwlth. 2022). We decline to find this issue waived.

Claimant has also made factual assertions that are not of record, and some of these assertions do not appear relevant. For example, Claimant references a state police investigation that resulted in no charges filed against Claimant. *See* Pet'r's Br. at 6. Evidence related to this investigation does not appear of record in this case; therefore, we decline to consider it. *See Henderson v. Unemployment Bd. of Rev.*, 77 A.3d 699, 713 n.6 (Pa. Cmwlth. 2013). Yet, even if we were to consider that Claimant's misconduct did not rise to the level of criminal conduct, it does not appear relevant to the legal issue in this case.

Finally, we note that Claimant asserts that she was not informed of the Board's decision until after her appeal period had expired. *See* Pet'r's Br. at 5. We have previously determined that Claimant timely appealed. *See* Mem. & Order, 6/18/24.

[7] On appeal, our review is limited to "determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Pierce-Boyce v. Unemployment Comp. Bd. of Rev.*, 289 A.3d 130, 135 n.4 (Pa. Cmwlth. 2022). Further, it is well established that the Board is the ultimate factfinder, entitled to make its own determinations on evidentiary weight and witness credibility, and is free to accept or reject the testimony of any witness, in whole or in part. *Cambria Cnty. Transit Auth. v. Unemployment Comp. Bd. of Rev.*, 201 A.3d 941, 947 (Pa. Cmwlth. 2019) (*CCTA*).

the employee's duties and obligations to the employer." *Waverly Heights, Ltd. v. Unemployment Comp. Bd. of Rev.*, 173 A.3d 1224, 1228 (Pa. Cmwlth. 2017). It is settled that "[w]hether conduct rises to the level of willful misconduct is a question of law to be determined by this Court." *Brown v. Unemployment Comp. Bd. of Rev.*, 49 A.3d 933, 937 (Pa. Cmwlth. 2012).

Initially, an employer has the burden of proving an employee's willful misconduct. *Adams v. Unemployment Comp. Bd. of Rev.*, 56 A.3d 76, 78-79 (Pa. Cmwlth. 2012). To prove that an employee's violation of a workplace policy constitutes willful misconduct, the employer must prove the existence of a work policy, its reasonableness, and the fact of its violation. *Halloran v. Unemployment Comp. Bd. of Rev.*, 188 A.3d 592, 597 (Pa. Cmwlth. 2018). However, an inadvertent violation of an employer's rule does not constitute willful misconduct; therefore, the employer "must present evidence that the employer *deliberately* violated the rule." *Eshbach v. Unemployment Comp. Bd. of Rev.*, 855 A.2d 943, 947 (Pa. Cmwlth. 2004) (emphasis included).

If the employer satisfies its burden of proof, the burden shifts to the employee to prove that she had good cause for her actions. *Halloran*, 188 A.3d at 597. The employee can establish good cause where her actions are "justified or reasonable under the circumstances." *Chapman v. Unemployment Comp. Bd. of Rev.*, 20 A.3d 603, 607 (Pa. Cmwlth. 2011).

Here, Claimant does not challenge the existence of Employer's workplace policies, their reasonableness, nor her several violations. *See generally* Pet'r's Br. Nevertheless, we note that Claimant was aware of Employer's policies. *See* Hr'g Tr., 10/11/23, at 6. Additionally, Employer provided its disciplinary report, which detailed Claimant's conduct, as well as Employer's findings and conclusions,

and a handwritten statement by Claimant admitting to her relationships with inmates and a parolee, and her failure to report the relationships. *See id.* at Ex. 001-027. Therefore, Employer established that Claimant deliberately violated its policies. *See Waverly Heights, Ltd.*, 173 A.3d at 1228*; Eshbach*, 855 A.2d at 947.

The burden then shifted to Claimant to establish good cause for her misconduct. However, despite notice, Claimant failed to appear at the Referee's hearing, nor did she answer the Referee's further attempt to reach her by phone. *See* Notice of Hr'g, 9/27/23; Hr'g Tr. at 1. Therefore, the record is devoid of evidence that Claimant had good cause for her willful misconduct. *See, e.g.*, *Evans v. Unemployment Bd. of Rev.* (Pa. Cmwlth., No. 324 C.D. 2013, filed Dec. 16, 2013), slip op. at 4-5, 2013 WL 6629335, at *2 (affirming the Board's decision that the claimant was terminated for willful misconduct where the claimant had failed to appear at his hearing and, therefore, presented no evidence of good cause).[8, 9]

---

[8] We may cite this Court's unreported memorandum opinions issued after January 15, 2008, for their persuasive value. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[9] We acknowledge that Claimant has suggested to this Court that this hearing was "rescheduled last minute." Pet'r's Br. at 7 (unnecessary capitalization removed). Thus, according to Claimant, she was "unable to attend and or did not receive enough time to secure a lawyer and recive [sic] documentation and submit documentation necessary to submit to the [Referee]." *Id.* We disagree. It is well settled that a hearing may proceed in a party's absence, provided there has been proper notice. *See Tri-State Scientific v. Unemployment Comp. Bd. of Rev.*, 589 A.2d 305, 679-680 (Pa. Cmwlth. 1991); 34 Pa. Code § 101.51. This hearing was initially scheduled for August 16, 2023. Notice of Hr'g, 8/1/23. Following two continuances, the hearing was rescheduled for October 11, 2023. Notice of Hr'g, 9/27/23. Claimant did not request a continuance of this October hearing, nor did she request a new hearing. Additionally, we note that Claimant did not request that the Board reconsider its decision. *Cf. Quigley v. Unemployment Bd. of Rev.*, 225 A.3d 914, 918, 922 (Pa. Cmwlth. 2020) (*en banc*), *aff'd*, 263 A.3d 574 (Pa. 2021). Finally, under these circumstances, and particularly where a party's purported explanation for her failure to appear is clearly insufficient as a matter of law, a remand to the Board for a specific finding as to whether Claimant had "proper cause" for her absence would serve no useful purpose. *Savage v. Unemployment Comp. Bd. of Rev.*, 491 A.2d 947, 950 n.5 (Pa. Cmwlth. 1985).

## IV. CONCLUSION

There is substantial evidence to support the Board's conclusion that Employer terminated Claimant for willful misconduct. *See Adams*, 56 A.3d at 78-79; *Halloran*, 188 A.3d at 597; *CCTA*, 201 A.3d at 947. Additionally, Claimant failed to establish good cause for her willful misconduct. *Halloran,* 188 A.3d at 597; *Chapman*, 20 A.3d at 607. Accordingly, Claimant is ineligible for unemployment compensation benefits under Section 402(e) of the Law. *See Halloran*, 188 A.3d at 597; 43 P.S. § 802(e). For these reasons, we affirm the Board's decision.

**LORI A. DUMAS, Judge**

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kristina Miller,                        :

               Petitioner         :

                                 :    No. 349 C.D. 2024

           v.                   :

                                 :

Unemployment Compensation    :

Board of Review,                 :

               Respondent     :

## O R D E R

AND NOW, this 21st day of July, 2025, the order of the Unemployment Compensation Board of Review, entered January 30, 2024, is AFFIRMED.

**LORI A. DUMAS, Judge**