# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Denny's Service,

          Petitioner

          v.

Unemployment Compensation Board
of Review,

          Respondent

:
:
:   No. 1660 C.D. 2024
:
:   Submitted: March 3, 2026
:
:
:
:
:

BEFORE:   HONORABLE LORI A. DUMAS, Judge
               HONORABLE MATTHEW S. WOLF, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                   **FILED:  April 27, 2026**

Denny's Service (Employer) has petitioned this Court to review the adjudication of the Unemployment Compensation Board of Review (Board), issued November 7, 2024, which determined that Employer failed to establish that Steven Paul (Claimant) was ineligible for unemployment compensation (UC) benefits under Section 402(e) of the UC Law (Law) relating to willful misconduct.[1]  Upon review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b) (providing that an employee shall be ineligible for compensation when their separation from employment is due to willful misconduct connected with their work). The UC Law's section numbers are distinct from "the sections provided in Purdon's Pennsylvania Statutes, which is an unofficial codification of Pennsylvania law." *Herold v. Univ. of Pittsburgh*, 329 A.3d 1159, 1166 n.1 (Pa. 2025).  For clarity, we may refer to provisions of the UC Law "only by their Purdon's citation." *Id.*

Employer is an auto body shop, which employed Claimant as a full-time mechanic from October 1, 2017, through August 6, 2021.[3] Employer discharged Claimant for violating its absenteeism and/or tardiness policy. Claimant applied for UC benefits, but the UC Service Center denied him benefits pursuant to Section 402(e) of the Law. Claimant timely appealed the denial.

On October 13, 2022, the Referee held a hearing, but Claimant failed to appear. In his absence, Employer testified that Claimant was discharged because he showed up to work intoxicated, was chronically tardy and absent from work, and because Claimant did burnouts and donuts while driving his vehicle in Employer's parking lot. On October 21, 2022, the Referee issued a decision affirming the UC Service Center.

On April 18, 2023, Claimant untimely appealed the Referee's decision to the Board, asserting technical difficulties and a lack of notice. The Board subsequently remanded the matter to the Referee for Claimant to offer testimony concerning the timeliness of his appeal and the merits of the willful misconduct issue.

---

[2] Except as stated otherwise, we adopt this background from the Board's decision and order, which is supported by substantial evidence of the record. *See* Bd. Decision & Order, 11/7/24; *see also* Ref.'s Decision, 10/21/22.

[3] The Board's Finding of Fact (F.F.) No. 1 incorrectly states that Claimant's last day of work was March 12, 2022, which appears to come from Employer's testimony at the first Referee hearing. *See* Hr'g Tr., 10/13/22, at 3. The record otherwise reflects that Claimant's last day of work was August 6, 2021. *See* Claim Rec., 6/1/22, at 2; *see also* Claimant's Questionnaire, 8/26/21, at 1. This is a harmless error, as the Department's Disqualifying Determination, the Referee's Decision, and the Board's Decision all correctly identify compensable weeks ending August 14, 2021, through August 20, 2022. *See, e.g.*, Disqualifying Separation Determination, 2/24/22, at 1 (specifically disqualifying benefits as of 8/6/21); Ref.'s Decision, 10/21/22, at 1, 4; Bd. Decision & Order, 11/7/24, at 1.

On August 23, 2024, the Referee held a second hearing, at which Claimant appeared, but Employer did not. Claimant first offered reasons for his untimely appeal. According to Claimant, his unemployment account had been hacked, and he had never received notice of the first hearing or the Referee's decision at his email address. On the merits, Claimant denied Employer's allegations of willful misconduct, testifying that Employer had never discussed or documented any absences or tardiness with Claimant, that it was Dennis Bitz, the owner of Employer, who appeared at work intoxicated, and that Employer condoned and participated in the donut and burnout activities in the parking lot. Claimant further testified that, prior to his separation, Claimant had requested time off to care for his dog following surgery, which Employer granted. While on the approved leave, Employer discharged Claimant via a text message that simply stated Claimant "was done" but did not provide any reason. *See* Hr'g Tr., 08/23/24, at 8.

On November 7, 2024, the Board reversed the Referee's decision and granted Claimant UC benefits. The Board first credited Claimant's explanation for his nonappearance at the first hearing and for his untimely appeal.[4] On the merits, the Board concluded that Employer failed to establish willful misconduct under Section 402(e) of the Law.

Employer timely initiated this appeal.

---

[4] The Board took administrative notice that Claimant's UC claim had been hacked by a third party on May 14, 2022, who changed Claimant's contact information including his email address and preferred method of communication, effectively locking Claimant out of his claim. *See* Bd. Decision & Order, 11/7/24, at 2-3; F.F. No. 9.

3

## II. ISSUES

Employer challenges the findings and credibility determinations of the Board, asserting that (1) Claimant's actions constitute willful misconduct, and (2) the Board capriciously disregarded evidence by failing to resolve conflicts in the testimony. *See* Pet'r's Br. at 2-7. In response, the Board denies that it capriciously disregarded evidence and maintains that its findings are supported by substantial evidence, which are binding on this Court. Resp't's Br. at 8.

## III. DISCUSSION[5]

Employer contends that Claimant's actions constituted willful misconduct. *See* Pet'r's Br. at 4-5. Specifically, according to Employer, Claimant's excessive absences and tardiness, showing up to work intoxicated, and damaging Employer's property are so inimical to its best interests as to constitute willful misconduct. *See id.* at 6.

The term "willful misconduct" is not defined by statute, but this Court has defined it as: "(1) an act of wanton and willful disregard of an employer's interests; (2) a deliberate violation of rules; (3) a disregard of the standards of behavior which an employer can rightfully expect from an employee; or (4) negligence showing an intentional disregard of the employer's interest or the employee's duties and obligations." *Waverly Heights, Ltd. v. Unemployment Comp. Bd. of Rev.*, 173 A.3d 1224, 1228 (Pa. Cmwlth. 2017). This Court has long held that "whether conduct rises to the level of willful misconduct is a question of law to be

---

[5] On appeal, our review is limited to "determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." *Pierce-Boyce v. Unemployment Comp. Bd. of Rev.*, 289 A.3d 130, 135 n.4 (Pa. Cmwlth. 2022). Substantial evidence is relevant evidence that a reasonable person may accept as adequate to support a finding. *Id.* at 136.

determined by this Court." *Id.* (quoting *Brown v. Unemployment Comp. Bd. of Rev.*, 56 A.3d 76, 78-79 (Pa. Cmwlth. 2012)).

The burden of proving willful misconduct rests with the employer. *Adams v. Unemployment Comp. Bd. of Rev.*, 56 A.3d 76, 78-79 (Pa. Cmwlth. 2012). To do so, an employer must prove the existence of a work policy, its reasonableness, and the fact of its violation. *Halloran v. Unemployment Comp. Bd. of Rev.*, 188 A.3d 592, 597 (Pa. Cmwlth. 2018). "However, the existence of a specific rule is not necessary where the employer has a right to expect a certain standard of behavior, that standard is obvious to the employee, and the employee's conduct is so inimical to the employer's interests that discharge is a natural result." *Ellis v. Unemployment Comp. Bd. of Rev.*, 59 A.3d 1159, 1162 (Pa. Cmwlth. 2013). If the employer satisfies this burden, the burden of proof then shifts to the employee to prove that he had good cause for his actions. *Halloran,* 188 A.3d at 597.

Here, Claimant offered credible testimony denying Employer's allegations of willful misconduct. Claimant testified that he did not have any attendance problems, did not receive any prior warnings for the alleged attendance problems, was on approved leave when he was discharged, and was never drunk at work. *See* Hr'g Tr., 8/23/24, at 8-10. Claimant specifically asserted that any absences were approved in advance and provided proof of his dog's surgery to Employer. *Id.* at 9-10 ("So I had to get copies of all the paperwork, have it signed by the doctors.").

Additionally, this Court has held that a claimant does not commit willful misconduct where an employer has knowingly condoned or tolerated violations of its rules and policies. *See, e.g., Gordon Terminal Serv. Co. v. Unemployment Comp. Bd. of Rev.*, 211 A.3d 893 (Pa. Cmwlth. 2019) (rejecting a

5

willful misconduct claim where the employer had a policy against cell phone usage during work, but it was common practice for employees to watch sporting events and other things on their cell phones without being discharged). Here, Claimant credibly testified that Employer's owner condoned and participated in donut and burnout activities in the parking lot. *See* Hr'g Tr., 8/23/24, at 9 ("[H]is friends would do it. They'd sit down there drinking and have burnout contests.").

For these reasons, Employer's contention is without merit. Rather, the Board's finding that Claimant did not exhibit conduct so inimical to Employer's interests as to constitute willful misconduct is supported by substantial evidence. *See Pierce-Boyce*, 289 A.3d at 136; *Gordon Terminal Serv. Co.*, 211 A.3d at 899.

Employer also asserts that the Board refused to resolve conflicts in the testimony and has capriciously disregarded evidence. In its view, the Board ignored overwhelming evidence presented by Employer at the first hearing, following which the Referee found Claimant ineligible for UC benefits. *See* Pet'r's Br. at 7. We disagree.

Initially, we note that Employer has not challenged any specific finding of fact made by the Board. *See* Pet. for Rev., 12/9/24; *see generally* Pet'r's Br.[6] As such, the Board's findings are conclusive. *Campbell v. Unemployment Comp. Bd. of Rev.*, 694 A.2d 1167, 1169 (Pa. Cmwlth. 1997).

Further, it is well established that the Board is the ultimate factfinder, entitled to make its own determinations on evidentiary weight and witness credibility, and is free to accept or reject the testimony of any witness, in whole or

---

[6] In its petition for this Court's review, Employer complained that the Board "held las[t] day of employment was March 12, 2022[,] yet granted benefits back as far as August 14, 2021." Pet. for Rev. at ¶ 7. As we have recognized, the Board's finding was, ultimately, a harmless error. *See supra* n.3. In any event, Employer does not repeat this criticism in its appellate brief. *See generally* Pet'r's Br.

in part. *Cambria City Transit Auth. v. Unemployment Comp. Bd. of Rev.*, 201 A.3d 941, 947 (Pa. Cmwlth. 2019) (*CCTA*). The Board's credibility determinations are not subject to judicial review, provided they are based on substantial evidence, even if there is contrary evidence of record. *Henderson v. Unemployment Comp. Bd. of Rev.*, 77 A.3d 699, 718 (Pa. Cmwlth. 2013).

"A capricious disregard of evidence occurs where the factfinder willfully and deliberately disregards competent and relevant evidence that one of ordinary intelligence could not possibly have avoided in reaching a result." *Wise v. Unemployment Comp. Bd. of Rev.*, 111 A.3d 1256, 1262 (Pa. Cmwlth. 2015). Where there is substantial evidence to support the agency's factual findings, and those findings support the agency's legal conclusions, it should be rare for appellate courts to disturb an adjudication based upon a capricious disregard. *Id.* This Court will disturb an agency's adjudication for capricious disregard of evidence only if the agency has expressly refused to resolve conflicts in the evidence, has not made essential credibility determinations, or where the agency has completely ignored overwhelming evidence without comment. *See id.*; *Hinkle v. City of Phila.*, 881 A.2d 22, 26-27 (Pa. Cmwlth. 2005).

The record shows that Employer and Claimant provided conflicting testimony about the circumstances leading to Claimant's termination. *Compare, e.g.,* Hr'g Tr., 10/13/22, at 4-5 (Employer's testimony), *with* Hr'g Tr., 8/23/24, at 8-10 (Claimant's testimony). For example, Employer testified that Claimant's discharge had nothing to do with his dog and that Claimant was terminated because he did not come into work, drank on the job, and did burnouts in the parking lot. *See* Hr'g Tr., 10/13/22, at 4-5. Claimant maintained that he was terminated for no reason

while on approved leave to care for his dog and further denied Employer's allegations of willful misconduct. *See* Hr'g Tr., 8/23/24, at 8-9.

Upon reviewing the evidence, the Board resolved these conflicts in Claimant's favor and expressly found Claimant's testimony credible. Bd.'s Decision & Order, 11/7/24, at 3. Because we are not permitted to reweigh the evidence or substitute our own findings for those of the Board, we defer to the Board's credibility determinations on appeal. *CCTA*, 201 A.3d at 947. We discern no capricious disregard of evidence in this case. *See Wise*, 111 A.3d at 1262; *Hinkle*, 881 A.2d at 26-27.

## IV. CONCLUSION

For the reasons set forth above, we affirm the Board's decision.

**LORI A. DUMAS, Judge**

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Denny's Service, :
         Petitioner :
:  No. 1660 C.D. 2024
       v. :
:
Unemployment Compensation Board :
of Review, :
         Respondent :

## **O R D E R**

AND NOW, this 27th day of April, 2026, the order of the Unemployment Compensation Board of Review, entered November 7, 2024, is AFFIRMED.

_____
**LORI A. DUMAS, Judge**
